## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | |
|---|---|
| H. MARTIN HARMLESS, | ) |
| | ) |
|   Plaintiff, | ) |
| | ) |
|    vs. | )  CAUSE NO. 1:07-cv-146-SEB-WTL |
| | ) |
| ELECTRONIC CONTROL SECURITY, INC., et al., | ) |
| | ) |
|   Defendants. | ) |

### ENTRY ON MOTION TO DEEM REQUESTS FOR ADMISSION ADMITTED

This cause is before the Magistrate Judge on the Plaintiff's motion entitled Motion to Deem Requests for Admissions Admitted Pursuant to Federal Trial Rule 36 and the Defendants' response thereto. The Plaintiff has not filed a reply in support of his motion, and the time for doing so has expired. The Magistrate Judge, being duly advised, **DENIES** the Plaintiff's motion as moot and **GRANTS** the Defendants' implicit motion to withdraw their admissions for the reasons set forth below.

The Plaintiff served his requests for admission on the Defendants on October 3, 2007; the parties later agreed to an extension of the response deadline for those and other discovery requests to January 8, 2008. On February 4, 2008, the Plaintiff filed the instant motion reporting that the Defendants had failed to respond to the requests for admission and asking that they be deemed admitted pursuant to Federal Rule of Civil Procedure 36(a)(3). In fact, that rule is self-executing and no motion by the Plaintiff was required; the requests were deemed admitted on January 9, 2008, by operation of Rule 36(a)(3), making the Plaintiff's motion moot before it was filed. Pursuant to Federal Rule of Civil Procedure 36(b), the burden was on the Defendants to file a motion to withdraw their deemed admissions. The Defendants' response to the Plaintiff's

motion is, in essence, such a motion, and the Magistrate Judge will treat it as such.

>Federal Rule of Civil Procedure 36(b) provides:
>
>A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended.  Subject to Rule 16(e), the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits.

There is no question that allowing the Defendants to withdraw their admissions would promote the presentation of the merits of this case; if the admissions are not withdrawn, the Defendants essentially will be prohibited from disputing the Plaintiff's claims on the merits.  Therefore, the first prong of Rule 36(b) is satisfied.

As for the second prong of Rule 36(b), the Plaintiff does not claim that he will be prejudiced if the admissions are withdrawn, and, in fact, it does not appear that he will be.  As the Defendants point out, the dispositive motions deadline was January 2, 2008, prior to the January 4th deadline for responding to the requests for admission, which means that the Plaintiff did not rely upon the admissions in deciding not to file a dispositive motion.  The Plaintiff will lose the benefit of not having to prove his case on the merits, but that is not the type of prejudice that satisfies Rule 36(b).  Indeed, inasmuch as allowing a party to withdraw an admission will by its very nature always require the other party to prove something that he otherwise would not have had to prove, that alone cannot be sufficient prejudice to satisfy Rule 36(b).  Rather, the Plaintiff must show that he will be prejudiced "in maintaining the action . . . on the merits," not simply that he will now be required to maintain the action on the merits.  See, e.g., Perez v. Miami-Dade County, 297 F.3d 1255, 1266 (11th Cir. 2002) ("The prejudice contemplated by the Rule is not simply that the party who initially obtained the admission will now have to convince the fact finder of its truth.  Rather, it relates to the difficulty a party may face in proving its case,

e.g., caused by the unavailability of key witnesses, because of the sudden need to obtain evidence with respect to the questions previously answered by the admissions.").

Because both prongs of Rule 36(b) are satisfied, the Defendants' implicit motion to withdraw their deemed admissions is **GRANTED**. The withdrawn admissions are hereby replaced by the Defendants' responses to the requests for admission, which they served on February 5, 2008.

SO ORDERED: 03/10/2008

Hon. William T. Lawrence, Magistrate Judge
United States District Court
Southern District of Indiana

Copies to:

Daniel L. Boots
BINGHAM MCHALE LLP
dboots@binghammchale.com

Michael Ryan Hartman
BINGHAM MCHALE, LLP
mhartman@binghammchale.com

Briana Lynn Kovac
BINGHAM MCHALE LLP
bkovac@binghammchale.com

Mark Richard Waterfill
DANN PECAR NEWMAN & KLEIMAN
mwaterfill@dannpecar.com